UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JUDA BEN DEROUEN** | **CIVIL ACTION** |
| **VERSUS** | **NO: 18-7809** |
| **JEFFERSON PARISH SHERIFF'S OFFICE ET AL.** | **SECTION: "H"** |

## ORDER AND REASONS

Before the Court is Defendants' Motion to Dismiss, or alternatively, for Summary Judgment (Doc. 33). For the following reasons, the Motion is GRANTED IN PART.

## BACKGROUND

Plaintiff Juda Ben DeRouen brings § 1983 claims for false arrest and excessive force against Jefferson Parish Sheriff's Office and several of its officers, including David Lowe, Gary Bordelon, Jason Spadoni, Justin Brister, and Joseph Lopinto, III, for an August 31, 2017 incident during which he was arrested. Specifically, Plaintiff alleges that he was sexually assaulted during a roadside search of his body. He contends that officers held him against his car

1

on the Westbank Expressway, removed his pants and underwear, and "spread[] [his] buttocks apart looking for narcotics."[1] He also contends that detectives falsified the police report and that he was falsely imprisoned.

As a result of the August 31, 2017 incident, Plaintiff pleaded guilty to Aggravated Obstruction of a Highway and Resisting Arrest by Violence. This matter was stayed for several months pending resolution of those charges. As a result of Plaintiff's guilty plea, Defendants have filed a motion to dismiss, or in the alternative for summary judgment, contending that Plaintiff's claims against them should be dismissed on the ground that they are barred by the Supreme Court's decision in *Heck v. Humphrey*.[2] Defendants also claim that they are entitled to qualified immunity from Plaintiff's claims.

Plaintiff has not filed an opposition to this Motion. The Court may not, however, simply grant the instant Motion as unopposed. The Fifth Circuit approaches the automatic grant of dispositive motions with considerable aversion.[3] Accordingly, this Court will consider the merits of Defendants' arguments.

## LEGAL STANDARD

### A. Motion to Dismiss

---

[1] Doc. 1.
[2] 512 U.S. 477 (1994).
[3] *See, e.g.,* Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc., 702 F.3d 794, 806 (5th Cir. 2012); Johnson v. Pettiford, 442 F.3d 917, 918 (5th Cir. 2006) *(per curiam);* John v. State of Louisiana (Bd. of Trs. for State Colls. and Univs.), 757 F.2d 698, 709 (5th Cir.1985).

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim for relief that is plausible on its face."[4] A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[5] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[6] The court need not, however, accept as true legal conclusions couched as factual allegations.[7] To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[8] If it is apparent from the face of the complaint that an insurmountable bar to relief exists and the plaintiff is not entitled to relief, the court must dismiss the claim.[9] The court's review is limited to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.[10]

### B. Motion for Summary Judgment

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[11] A genuine issue

---

[4] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)).
[5] *Id.*
[6] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).
[7] *Iqbal*, 556 U.S. at 678.
[8] *Id.*
[9] *Lormand*, 565 F.3d at 255–57.
[10] Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000).
[11] Sherman v. Hallbauer, 455 F.2d 1236, 1241 (5th Cir. 1972).

of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[12]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[13] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[14] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[15] "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[16] "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[17] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[18]

---

[12] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
[13] Coleman v. Houston Indep. Sch. Dist., 113 F.3d 528, 532 (5th Cir. 1997).
[14] Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir. 1995).
[15] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).
[16] John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).
[17] Badon v. R J R Nabisco, Inc., 224 F.3d 382, 394 (5th Cir. 2000) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).
[18] Boudreaux v. Banctec, Inc., 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

## LAW AND ANALYSIS

Defendants present three arguments for dismissal of the excessive force and false arrest claims against them. First, they argue that Plaintiff's claims are barred by *Heck v. Humphrey*. Second, they argue that they are entitled to qualified immunity from Plaintiff's claims. Finally, they argue that Defendant Jefferson Parish Sheriff's Office is not a legal entity that can be sued. This Court will consider each argument in turn.

### I. *Heck v. Humphrey*

#### a. Excessive Force

First, Defendants argue that pursuant to the Supreme Court's decision in *Heck v. Humphrey*, Plaintiff cannot succeed on his claim for excessive force because he pleaded guilty to resisting arrest.[19] Pursuant to *Heck,*

> a plaintiff who has been convicted of a crime cannot recover damages for an alleged violation of his constitutional rights if the alleged violation arose from the same facts attendant to the charge for which he was convicted, unless he proves "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."[20]

When a district court confronts a § 1983 claim for damages that implicates a conviction or sentence, "*Heck* requires the district court to consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his

---

[19] 512 U.S. 477 (1994). Defendants argue that Louisiana law also bars civil actions that collaterally attack the validity of criminal judgments and that the *Heck* analysis is applicable to Plaintiff's state law claims. *See* Lemoine v. Wolfe, 168 So. 3d 362, 368 (La. 2015).
[20] Ballard v. Burton, 444 F.3d 391, 396 (5th Cir. 2006) (quoting *Heck*, 512 U.S. at 486–87).

5

conviction or sentence."[21] If that is the case, "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."[22] Put another way, if it is possible both for Plaintiff to have resisted arrest and for Defendants' use of force to be objectively unreasonable, then *Heck* does not bar Plaintiff's claim.[23] The Fifth Circuit has held that "a § 1983 claim [does] not necessarily imply the invalidity of a resisting arrest conviction, and therefore would not be barred by *Heck,* if the factual basis for the conviction is temporally and conceptually distinct from the excessive force claim."[24] "[T]he determination of whether such claims are barred is analytical and fact-intensive, requiring [a court] to focus on whether success on the excessive force claim requires negation of an element of the criminal offense or proof of a fact that is inherently inconsistent with one underlying the criminal conviction."[25] Accordingly, "the court must review the sequence of events as alleged by the plaintiff and determine whether that sequence of events is inconsistent with the underlying criminal conviction."[26]

This Court finds that it is possible both for Plaintiff to be guilty of resisting arrest and for Defendants' use of force to be objectively unreasonable. Defendants contend, and the police report reveals, that prior to his arrest Plaintiff intentionally rammed his car into several police officers' vehicles, violently resisted arrest, struck an officer in the face, and bit another officer's leg. In response to Plaintiff's resistance, officers had to use force to gain control

---

[21] *Id.* (citations omitted).
[22] *Id.*
[23] *See id.* at 398.
[24] Bush v. Strain, 513 F.3d 492, 498 (5th Cir. 2008).
[25] *Id.*
[26] Pertuz v. Normand, No. 13-0293-SS, 2014 WL 1246839, at *7 (E.D. La. 2014).

over him and place him under arrest. This is not, however, the force of which Plaintiff complains. Plaintiff's allegation of excessive force arises from a search of his person presumably after he had been subdued and arrested. Reading Plaintiff's Complaint in a light most favorable to him, he alleges that he was sexually assaulted during a roadside strip/body cavity search. Accordingly, the factual basis for his resisting arrest conviction is "temporally and conceptually distinct" from his excessive force claim.[27] *Heck* does not bar this claim.

### b. False Arrest

That said, *Heck* does bar Plaintiff's claims for false arrest. In *Heck*, the Supreme Court held that a civil action for alleged civil rights violations that attacks the validity of state confinement, which has not been reversed, expunged, invalidated, or called into question by a federal court's issuance of a writ of habeas corpus, is not cognizable under § 1983. Accordingly, Plaintiff's claim for false arrest is dismissed.

## II. Qualified Immunity

Next, Defendants argue that they are entitled to qualified immunity from Plaintiff's § 1983 claim. "The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."[28] "To overcome the immunity defense, the complaint must allege facts that, if proven, would demonstrate that [the Defendants] violated clearly established statutory or constitutional rights."[29] "Heightened pleading demands more than bald allegations and conclusionary

---

[27] *Bush*, 513 F.3d at 498.
[28] Griggs v. Brewer, 841 F.3d 308, 312 (5th Cir. 2016) (internal quotation omitted).
[29] Wicks v. Mississippi State Employment Servs., 41 F.3d 991, 995 (5th Cir. 1995).

statements."[30] Instead, Plaintiff "must allege facts specifically focusing on the conduct of [the Defendants] which caused his injury."[31]

This Court finds that at the time of Plaintiff's arrest it was clearly established law that Defendants' use of force as alleged by Plaintiff was unreasonable. In 1979, the Supreme Court held in *Bell v. Wolfish* that visual body cavity inspections were reasonable under the Fourth Amendment for pre-trial detainees as part of a search conducted after visits with people from outside the facility.[32] The Court, however, noted that its holding does not condone all body cavity searches. The Court indicated that in determining the reasonableness of a strip search, "[c]ourts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted."[33]

Courts in this circuit considering very similar facts have held that "no reasonable officer would have found a roadside body cavity search reasonable even if they 'reasonably suspected that Plaintiff was concealing contraband in a body cavity' if 'there were no exigent circumstances requiring the search to be conducted on the public roadside rather than at a medical facility.'"[34] Courts have held that "strip searches and body cavity searches are 'demeaning, dehumanizing, undignified, humiliating, terrifying, unpleasant,

---

[30] *Id.*
[31] *Id.*
[32] Bell v. Wolfish, 441 U.S. 520, 559 (1979).
[33] *Id.*
[34] Marks v. Smith, 241 F. Supp. 3d 726, 734 (E.D. La. 2017) (quoting Martin v. City of San Antonio, 2006 WL 2062283, at *5 (W.D. Tex. July 25, 2006)); *see also* Hamilton v. Turner, No. 3:13-CV-240, 2014 WL 1513355, at *4 (S.D. Tex. Apr. 16, 2014).

embarrassing, repulsive, [and] signifying degradation and submission.'"[35] Accordingly, this Court holds that Plaintiff's Complaint alleges facts that, if proven, would demonstrate that Defendants violated his clearly established rights. Defendants are not entitled to qualified immunity based on the allegations in Plaintiff's complaint.

Defendants ask that, in the alternative, this Court consider their entitlement to qualified immunity under a summary judgment standard. "Even if the plaintiff's complaint adequately alleges the commission of acts that violated clearly established law, the defendant is entitled to summary judgment if discovery fails to uncover evidence sufficient to create a genuine issue as to whether the defendant in fact committed those acts."[36] Discovery has not, however, begun in this matter. This matter was stayed for more than eleven months pending the outcome of the criminal charges against Plaintiff. Accordingly, the parties should engage in discovery regarding Defendants' entitlement to qualified immunity before the issue can be considered on a summary judgment standard.

### III. Jefferson Parish Sheriff's Office

Finally, Defendants correctly point out that the Jefferson Parish Sheriff's Office is not a legal entity that can be sued.[37] Accordingly, all claims against it are dismissed.

---

[35] *Martin*, 2006 WL 2062283, at *5 (quoting Mary Beth G. v. City of Chicago, 723 F.2d 1263, 1272 (7th Cir. 1983)).

[36] Mitchell v. Forsyth, 472 U.S. 511, 526 (1985).

[37] Cozzo v. Tangipahoa Par. Council--President Gov't, 279 F.3d 273, 283 (5th Cir. 2002) ("[A] sheriff's office is not a legal entity capable of being sued.").

## CONCLUSION

For the foregoing reasons, the Motion is **GRANTED IN PART**. Plaintiff's claim for false arrest is **DISMISSED WITH PREJUDICE**, and all of Plaintiff's claims against the Jefferson Parish Sheriff's Office are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana this 11th day of March, 2021.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**